IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL KILLIAN                                                    PLAINTIFF

V.                                        NO. 11-5129

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration              DEFENDANT

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Michael Killian, brings this action pursuant to 42 U.S.C. §405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  <u>See</u>

42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his application for DIB on September 25, 2007, and filed his

application for SSI on June 19, 2008, alleging an inability to work since December 21, 2005, due

to diabetes, kidney problems, feet nerve damage, high blood pressure, hernia, pain - cannot stay

on his feet too long; is always tired, and cannot lift. [1] (Tr. 145, 149).  An administrative hearing

was held on April 29, 2009, at which Plaintiff appeared with counsel and testified.  (Tr. 7-39).

---

[1]At the hearing before the ALJ, Plaintiff amended his onset date to June 28, 2006.  (Tr. 13).

By written decision dated November 5, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - Diabetes mellitus with neuropathy and hypertension.  (Tr. 45).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 46).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight hour work day. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl.  The claimant can perform unskilled work.

(Tr. 46).  With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform work as a patcher, call-out operator, and charge account clerk.  (Tr. 50).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 31, 2011.  (Tr. 3-5).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 3).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 6, 7).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

 This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

In this case, the ALJ found that diabetes mellitus with neuropathy and hypertension were Plaintiff's severe impairments.  Plaintiff was diagnosed with diabetic neuropathy as early as September 15, 2007, when he was admitted to Washington Medical Regional Center, complaining of "burning feet."  (Tr. 231).  Plaintiff complained of constant pain while walking. (Tr. 234).  On September 20, 2007, Plaintiff was diagnosed with diabetes with nephropathy[2] and neuropathy[3] at the Northwest Arkansas Free Health Center.  (Tr. 221, 261).  In his October 14, 2007 Pain and Other Symptoms report, Plaintiff complained of burning, numbness, tingling, and pain in his feet and legs all the time.  (Tr. 165).  On December 6, 2007, Plaintiff was diagnosed by the Northwest Arkansas Free Health Center with neuropathy, gastropathy,[4] and nephropathy. (Tr. 220).  The free health center also diagnosed Plaintiff with neuropathy and gastropathy on January 29, 2008, and with neuropathy and nephropathy on February 21, 2008.  (Tr. 219, 258,

---

[2]Nephropathy - Any disease of the kidneys; see also nephritis.  Called also nephrosis.  Dorland's Illustrated Medical Dictionary 1261 (31st ed. 2007)

[3]Neuropathy - A functional disturbance or pathological change in the peripheral nervous system, sometimes limited to noninflammatory lesions as opposed to those of neuritis; the etiology may be known or unknown. Known etiologies include complications of other diseases (such as diabetes or porphyria), or of toxicity states (such as poisoning with arsenic, isoniazid, lead, or nitrofuantoin)....  Id.  At 1287.

[4]Gastrophy - Any disease of the stomach; see also gastritis and gastroenteropathy.  Id.  At 776.

259).  In an August 19, 2008 Function Report - Adult, Plaintiff reported that he was always in pain from the diabetes and neuropathy.  (Tr. 185).  Also on August 19, 2008, the free health center diagnosed Plaintiff with "Perp. Neuropathies." Tr. 217).  On September 5, 2008, the free health center diagnosed Plaintiff with "chronic pain." (Tr. 255).  On November 5, 2008, January 7, 2009, and February 6, 2009, the free health center diagnosed Plaintiff with "Perp. Neuropathies."  (Tr. 251, 252, 254 ).

At the hearing, Plaintiff testified that he had pain in his feet, lower legs, and the backs of his hands and arms. (Tr. 24).  He also testified that the pain in his feet and legs was rated an "8" when he took his pain medication, and "10" if he did not take the medication.  In his decision, the ALJ addressed the pain in Plaintiff's hands and arms by stating that it was reasonable to conclude that the use of his hands was limited to the extent that he was able to lift and carry 10 pounds occasionally and less than 10 pounds frequently. (Tr. 47).  Regarding the Plaintiff's burning pain in his feet, the ALJ stated that because "the medical evidence that shows that the claimant has been diagnosed with neuropathy which has improved with his compliance with medical treatment, the undersigned has concluded that he is able to sit for about six hours, and stand and walk for at least two hours, during an eight hour work day although he can only occasionally climb, balance, stoop, kneel, crouch, and crawl." (Tr. 47).

Although the record indicates that Plaintiff's diabetes mellitus might be under better control, there is nothing in the record indicating that Plaintiff's neuropathies were necessarily better.  Therefore, the ALJ's conclusion upon which his RFC was based is inaccurate.

Accordingly, the Court finds that this matter should be remanded in order for the ALJ to order a nerve conduction study of Plaintiff and to have an examining physician offer an opinion

-5-

as to the extent of the limitation caused by his neuropathies.  The ALJ should then consider the effect, if any, that Plaintiff's neuropathies have on his RFC.

**IV.  Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 14th day of June, 2012.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)